IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID R. HITTLE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, ROBIN REESE District Judge in the Third District of Utah, CONSTANDINOS HIMONAS District Judge in the Third District of Utah.<br><br>　　　　　　Defendants. | Case No. 2:06-CV-415 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Chief Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

　　　　Plaintiff David R. Hittle, *pro se*, filed the current action alleging violations of 42 U.S.C. § 1983. According to Hittle, the State of Utah through Judge Reese and Judge Himonas has denied him the right to counsel "as in failed to appoint an attorney for me that would actually work for me."[1] After reviewing Hittle's complaint, and the relevant law, the court recommends that this case be dismissed.

　　　　Pursuant to 28 U.S.C. § 1915, the court granted Plaintiff permission to proceed without payment of fees.[2] Hittle has now moved the court for service of process pursuant to 28 U.S.C. §

---

[1] Compl. p. 4.
[2] Docket no. 2.

1915.³  Section 1915 further provides that a court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."⁴  Not only does Hittle's complaint fail to state a claim upon which relief may be granted in this court, but it also seeks relief against defendants who are immune from suit.

From a reading of Hittle's complaint it is unclear whether the state court proceedings which Hittle references in his complaint have concluded or are currently ongoing.  In either case, however, this court is barred from action pursuant to either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.

### **Lack of Jurisdiction Under *Rooker-Feldman* and *Younger***

Under the *Rooker-Feldman* doctrine federal district courts do not have authority to review, reverse or invalidate state court decisions.⁵  No federal court other than the United States Supreme Court can reverse or modify the judgment of a state court because to do so would be an exercise of appellate jurisdiction.⁶  Should a constitutional question arise in the course of a state case, it is the duty of the state courts to decide it.  If it is wrongly decided, the litigant must appeal to the appropriate state court.⁷  "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the

---

³ Docket no. 4.
⁴ 28 U.S.C. § 1915.
⁵ *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).
⁶ *See Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416.
⁷ *See Rooker*, 263 U.S. at 415.

state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[8] The proper legal procedure for Plaintiff in this case was, after exhausting his appeals in the state courts, "to petition the Supreme Court of the United States for certiorari review of the decision of the state supreme court."[9] This court has no authority to force any Defendant to appoint Hittle a new attorney, abolish the Legal Defenders Association, or "order the complete restructuring of the states method of appointing counsel."[10]

Pursuant to the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case in which there is an ongoing state action.[11] "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings - when such relief could adequately be sought before the state court."[12] *Younger* abstention is not discretionary, and must be invoked by a federal court when,

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interest, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

---

[8] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings) (emphasis added).
[9] *Id.* at 264.
[10] Compl. p. 9.
[11] *See Younger v. Harris*, 401 U.S. 37 (1971); *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294 (10th Cir. 1997).
[12] *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Here, if there is an ongoing state action then the *Younger* abstention factors apply. The state courts provide an adequate forum to hear any constitutional issues raised by Hittle. And, the state has an important interest in governing the methods and policies concerning how defendants are appointed counsel.

## **Judicial Defendants[13] Have Absolute Immunity**

It is well settled that judges have absolute immunity from suit for acts performed in their judicial capacity.[14] All the acts by the judicial Defendants alleged in Plaintiff's complaint were acts performed by the various named judges in their judicial capacities. Consequently, the judicial defendants cannot be sued as a result of those judicial acts.

## **Claims Against State Defendants in Their Official Capacity Are Barred**

In Hittle's complaint it appears that he is only suing the State of Utah via Judge Reese and Judge Himonas.[15] But, even if this court construes Plaintiff's complaint to somehow be an action against other state officials, the Eleventh Amendment would bar suit against them in federal court.[16] State officials sued for damages in their official capacities are not considered "persons" within the meaning of sections 1983 and 1985 because they assume the identity of the

---

[13] The judicial Defendants named in this case are Judge Robin Reese and Judge Constandinos Himonas.

[14] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Snell v. Tunnell*, 920 F.2d 673, 686-87 (10th Cir. 1990) (stating that judicial immunity allows judges to work without threat of retaliatory § 1983 litigation).

[15] *See* Compl. p. 2.

[16] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

government that employs them.[17]  Thus, Hittle's complaint still fails even if the court construes it in the broadest fashion available.

## RECOMMENDATION

Based on the foregoing, it is hereby recommended that this case be dismissed.  Hittle's motion for service of process should be DENIED or deemed MOOT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within ten days after receiving this Report and Recommendation.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25th day of July, 2006.

*signature: Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[17] *See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)*.